FILED
2009 Nov-10 AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TERRY D. JACKS, et al**

    Appellants,

vs.      CV 09-PT-1537-S

**WELLS FARGO BANK, N.A.**

    Appellee,

and

**ALLAN ISOM, SR, et al**

    Appellants

vs.      CV 09-PT-1538-S

**WELLS FARGO BANK, N.A.**

    Appellee.

## MEMORANDUM OPINION

This cause comes on to be heard on consolidated appeals from the Bankruptcy Court for the Northern District of Alabama, Southern Division. The court will address the appeals as Isom 1, Isom 2 and Jacks.

### Isom 1

The Isom Appellants claim that the Appellee violated the automatic stay when it failed to apply a $1,021.31 payment made on January 28, 2008 to principal and interest on their mortgage, but, instead, placed it in a suspense account and, after the dismissal (without discharge) of the

Isoms' first Chapter 13 case on February 28, 2008, applied the $1,021.31 to accrued fees. The bankruptcy court ruled that there was no violation of the automatic stay because after the dismissal, without discharge, the case was as if the Chapter 13 petition had never been filed.[1]

Appellee makes the following arguments with reference to Isom I: (1) The $1,021.31 was placed in suspense because the Appellee had filed a claim which included its later charged fees, the plan had not been confirmed, there could have been an objection to the claim, and the case was dismissed, without a discharge, before the plan was ever approved. (2) Under 11. U.S.C. § 349, the situation was the same as if the case had not been filed.

The court cannot conclude that any facts found by the bankruptcy court are clearly erroneous. Further, the court cannot conclude, after a *de novo* review of the law, that the bankruptcy court's conclusion(s) of law were erroneous.

## Isom 2

The Isom Appellants claim that there was a violation by the Appellee because it entered charges on its internal records during the pendency of the case. The court is persuaded by the case of *Mann v. Chase Manhattan Mtg. Corp.*, 316 F.3d 1 (1st Cir. 2003). The court concludes that any such purported claim is not ripe because there has been no enforcement action related to the $725.00.

## Jacks

The court again concludes that the Appellants' claims are not ripe. There has been no present effort to collect the charges. There has been no violation of the automatic stay. See Isom

---

[1] The automatic stay argument in Isom I is the only presently claimed violation in that case.

2

2 above.[2]

The bankruptcy court's order filed on June 25, 2009 will be affirmed.

This the 10th day of November, 2009.

*(signed)* Robert B. Propst

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] In general, as to all claims, the court cannot conclude that there was any clearly erroneous finding of fact or that a *de novo* review reveals an incorrect legal conclusion of the bankruptcy court.

3

Case 08-00190-TBB   Doc 107   Filed 12/07/09   Entered 12/07/09 09:05:37   Desc Main
Document   Page 3 of 3